UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| LISA BIRON | ) ) ) | |
| V. | ) ) ) ) | Case No. 1:16-CV-XXX-XX-XX |
| UNITED STATES OF AMERICA | ) ) | |

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

NOW COMES the Defendant/Movant, Lisa Biron, by and through her counsel, Wilson, Bush, Durkin & Keefe, P.C. ("the Defendant"), and hereby respectfully requests that this Honorable Court vacate, set aside, or correct her sentence in this matter pursuant to 28 U.S.C. § 2255 because she received the ineffective assistance of counsel in violation of her rights under the Sixth Amendment to the United States Constitution. As will be discussed in more detail in the accompanying memorandum, trial counsel was constitutionally ineffective because he failed to investigate or present any mental health information or defense related to insanity or diminished capacity. Trial counsel was further constitutionally ineffective because he failed to conduct any investigation into the government's specious witnesses, nor did he conduct any independent investigation of his own, while at the same time proceeding from initial appearance to trial in an unduly fast period of time that severely prejudiced the Defendant's ability to present any or even an adequate defense to these incredibly serious charges. The Defendant submits an accompanying memorandum in support of her claim for relief.

1. The Defendant is Lisa Biron. Her place of confinement is the Federal Medical Center in Carswell, Texas. Her prisoner number is 12775-049.

2. She is challenging the judgement of conviction entered by the United States District Court for the District of New Hampshire located in Concord, New Hampshire. The docket number of the subject case is 12-cr-140-01-PB. The date of the judgement of conviction was January 10, 2013. The date of sentencing was May 23, 2013. The Court sentenced the Defendant to a term of 480 months (40 years) to be committed to the custody of the United States.

3. The government proceeded to trial on one count of Transportation with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a), six counts of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a), and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(5)(b).

4. The Defendant entered pleas of not guilty to these charges.

5. She proceeded to a jury trial in this matter.

6. The Defendant did not testify at a pretrial hearing, trial, or a post-trial hearing.

7. The Defendant did appeal from the judgement of conviction.

8. She first appealed the judgement to the United States Court of Appeals for the First Circuit. The docket number in that matter was 13-1698. The judgement of this Court was affirmed. This decision was entered on November 14, 2014. There is no citation to the case. The Defendant raised two grounds in that appeal: sufficiency of the evidence and failure to the Court to properly instruct the jury regarding intent.

9. The Defendant filed a petition for certiorari in the United States Supreme Court. The docket number in that matter was 14-8481. The United States Supreme Court

denied her petition on March 23, 2015. Counsel is not aware of the docket number of this denial. As she did in her appeal to the United States Court of Appeals for the First Circuit, the Defendant raised the question of whether the government is required to prove specific intent versus general intent involving a charge brought pursuant to 28 U.S.C. § 2251(a).

10. The Defendant has not filed any other motions, petitions, or applications concerning this judgement of conviction in any other court.

11. The ground upon which the Defendant claims she is being held in violation of the Constitution, laws or treatises of the United States is that she received ineffective assistance of counsel in violation of her rights under the Sixth Amendment to the United States Constitution. Specifically, the Defendant asserts that:

    a. Trial counsel failed to investigate or present any mental health evidence related to competency, insanity, or diminished capacity where the Defendant's alleged actions were so incredibly abhorrent, especially in contrast to the socially model behavior she had demonstrated as an adult prior to these events, that one would reasonably question such a person's mental health. As well, prior to the alleged acts in this matter, the Defendant's life spiraled downward in a haze of alcohol, drug use, and sex that led to these accusations immediately after her husband left her, such that effective and competent trial counsel would have been compelled to investigate the Defendant's mental health related to competency, insanity, or diminished capacity.[1]

    b. Trial counsel also failed to conduct any investigation into the government's specious witnesses, or conduct any independent investigation whatsoever, while at the same time proceeding from initial appearance to trial in an unduly fast period of

---

[1] Information related to his was presented to the Court at sentencing.

3

time that severely prejudiced the Defendant's ability to present any or even an adequate defense to these incredibly serious charges.

12. The Defendant did not raise these issues in her direct appeal because they are properly supposed to be brought before the trial court in the first instance.

13. The Defendant did not raise these issues in any post-conviction motion, petition, or application.

14. The grounds raised in this motion have not been presented in any federal court because they are properly supposed to be brought before the trial court in this proceeding.

15. The Defendant does not now have any motion, petition, or appeal pending in any court regarding this matter.

16. Attorney James Moir, 5 Green Street, Concord, New Hampshire represented the Defendant at all stages before the trial court.  Richard Klibaner, 52 Western Avenue, Cambridge, Massachusetts represented the Defendant before the United States Court of Appeals for the First Circuit.

17. The Court sentenced the Defendant to more than one count at the same time in this matter.

18. The Defendant does not have any future sentence to serve after she has completed the sentence for the judgement that she is challenging.

WHEREFORE, the Defendant, Lisa Biron, respectfully requests that this Honorable Court:

 A. Stay this matter as requested in the accompanying Assented-to Motion to Stay;

 B. Allow discovery by way of a deposition of trial counsel;

 C. Hold a hearing on this motion to include testimony and evidence;

 D. Find that trial counsel was constitutionally ineffective for the reasons stated herein and the accompanying memorandum;

 E. Vacate the judgement and grant the Defendant a new trial; and

 F. Grant such other and further relief as justice may require.

Respectfully submitted,

LISA BIRON,

DATED: March 23, 2016

By: /s/Charles J. Keefe
Charles J. Keefe, Bar No. 14209
Wilson, Bush, Durkin & Keefe, P.C.
184 Main Street, Suite 222
Nashua, NH 03060
(603) 595-0007
keefe@wbdklaw.com

I declare under penalty of perjury that the foregoing is true and accurate to the best of my belief.

DATED: March 23, 2016

By: /s/Charles J. Keefe
Counsel for Lisa Biron

The movant did not sign this because she is incarcerated in Texas while counsel is in New Hampshire, and because counsel has only been able to have one telephone call with the movant in 2016, the movant was not able to sign this motion.