UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| LISA BIRON ) | |
| ) | |
| V. ) | Case No. 1:16-CV-XXX-XX-XX |
| ) | |
| UNITED STATES OF AMERICA ) | |

## ASSENTED-TO MOTION TO STAY PROCEEDINGS PURSUANT TO A MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

NOW COMES the Defendant/Movant, Lisa Biron, by and through her counsel, Wilson, Bush, Durkin & Keefe, P.C. ("the Defendant"), and hereby respectfully requests that this Honorable Court stay for a period of 120 days the proceedings pursuant to her Motion Under 28 U.S.C. § 2255 vacate, set aside, or correct her sentence in this matter pursuant to 28 U.S.C. § 2255 because she received the ineffective assistance of counsel in violation of her rights under the Sixth Amendment to the United States Constitution.  The Defendant further requests that this Honorable Court allow her to supplement the record in support of this motion during that time.  In support of this motion, the Defendant states as follows:

1. In late summer 2015, family for the Defendant retained undersigned counsel to investigate, and possibly prepare and file, a motion under 28 U.S.C. § 2255.

2. Upon being retained, counsel arranged for a telephone call to speak with the Defendant as she was and is incarcerated in Texas.  This took over a week to accomplish due to counsel's difficulty communicating with the Defendant's counselor at the prison.

Counsel's ability to communicate with the Defendant has been a constant problem since his being retained.

3. Upon speaking with the Defendant, counsel prepared and sent her a waiver/release so that counsel could obtain trial and appellate counsel's files. It took several weeks for counsel to receive these waivers/releases. Counsel then sent those waivers/releases to trial and appellate counsel. Despite sending of the waiver/release, and several follow-up phone calls, counsel never received a response from appellate counsel.

4. Several weeks later undersigned counsel saw trial counsel in court and discussed the waiver/release. Trial counsel informed undersigned counsel he could come to trial counsel's office and pick up the file due to its size. Undersigned counsel then did so.

5. Undersigned counsel then reviewed what appeared to be a large file. The materials appeared scattered and in no particular order, and undersigned counsel noticed after a cursory review that there did not appear to much of the discovery materials in the file. Undersigned counsel then undertook to review and place in order the contents of the file. He then confirmed that the file did not contain complete discovery. Undersigned counsel has since learned that the file contained only a small fraction of the total discovery. It appears that the file contained specific discovery materials trial counsel used in trial.

6. Undersigned counsel contacted trial counsel to discuss the remainder of discovery, and trial counsel informed undersigned counsel that all of the discovery materials should have been in the file. Upon review of trial counsel's file, it appears that trial counsel sent the entire set of discovery to appellate counsel. Appellate counsel has never responded to undersigned counsel's inquiries regarding this matter.

7. Undersigned counsel then attempted to speak to the Defendant regarding this, and that process again took approximately one week.

8. Undersigned counsel then obtained the transcript of the trial and reviewed it. Upon such a review, counsel then began the process of again trying to speak with the Defendant.

9. After January 1, 2016, undersigned counsel made more than 20 phone calls to the prison in Texas where the Defendant was and is incarcerated in order to speak with her regarding this matter. However, messages left for the Defendant's counselor were not returned, and nobody answered the phone when undersigned counsel called the main number at the prison. In one instance, the phone rang more than 100 times without being answered. On one occasion in February 2016, counsel was able to reach the Defendant's counselor. He seemed to have answered the call by accident. He informed undersigned counsel that the Defendant had a new counselor, he would inform that counselor that counsel wished to speak with the Defendant, but he refused to provide undersigned counsel with the new counselor's number. Another week passed. Undersigned counsel again tried multiple times to contact the Defendant's original counselor, to no avail. After leaving several messages for the original counselor, that counselor called undersigned counsel after 8:00 p.m. on a Friday night to reiterate he would inform the Defendant's new counselor that undersigned counsel wished to speak to the Defendant. No call came.

10. Undersigned counsel then called a multitude of numbers at the Bureau of Prisons in Washington D.C. to reach his client. He spoke with several people in the office of counsel for the region covering Texas over several weeks. Finally, in March 2016, counsel finally spoke to someone at the Defendant's facility who promised that the Defendant would

call counsel.  The next day, the Defendant's new counselor called undersigned counsel stating that he had received a message that counsel wished to speak with the Defendant.  This counselor stated the first he ever heard that counsel wished to speak with the Defendant was when someone from the Bureau of Prisons had contacted him the day prior.

11. Counsel's inability to obtain complete discovery and his inability to reach the Defendant has greatly delayed and prejudiced counsel's ability to provide a proper and complete record to support her motion.  Counsel is in the process of obtaining complete discovery from the government.  Upon doing so, counsel will provide that material to an investigator for review and as well review it himself.  Counsel also plans to provide that material to a psychiatrist along with the letter written by Dr. Thomas Burns.  These will be done to conduct the investigations that should have occurred prior to the trial of this matter as discussed in the Defendant's memorandum of law in support of her motion.

12. Counsel is requesting that this Court stay this matter for 120 days so that counsel can obtain discovery and conduct the necessary investigation.  Counsel is also requesting that he be allowed to supplement the record in this matter during that time pursuant to this investigation.

13. Counsel for the government, Seth Aframe, Esq., assents to the relief requested herein.

WHEREFORE, the Defendant, Lisa Biron, respectfully requests that this Honorable Court:

A. Stay this matter as requested;

B. Allow the Defendant to supplement the record in this matter as described;

C. Grant such other and further relief as the justice requires.

Respectfully submitted,

Lisa Biron
By and through her counsel,


/s/Charles J. Keefe
Charles J. Keefe (N.H. Bar No. 14209)
Wilson, Bush, Durkin & Keefe, P.C.
184 Main Street, Suite 222
Nashua, NH 03060
(603) 595-0007
keefe@wbdklaw.com


**Certificate of Service**

    I, Charles J. Keefe, hereby certify that on March 23, 2016, true copies of the above document were hand delivered to AUSA Seth Aframe of the United States Attorney's Office for the District of New Hampshire.


/s/Charles J. Keefe
Charles J. Keefe