UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

LISA BIRON                              )
                                        )
        v.                              )       1:16-cv-108-PB
                                        )
UNITED STATES OF AMERICA    )
_____)

UNITED STATES' RESPONSE TO DEFENDANT'S 28 U.S.C. § 2255 MOTION

I.      INTRODUCTION.

After a jury trial, the defendant was found guilty of transporting a minor with the intent to engage in sexual activity, five counts of manufacturing child pornography and one count of child pornography possession. The Court sentenced the defendant to 480 months of imprisonment. The defendant filed an Anders brief in the First Circuit, which resulted in an affirmance of the conviction and sentence.

In March 2016, the defendant filed a 28 U.S.C. § 2255 motion to vacate her conviction. In the motion, the defendant raised two ineffective assistance of counsel claims: (1) trial counsel failed to have the defendant examined to determine if there was a viable insanity or diminished capacity defense and (2) trial counsel rushed the case to trial and therefore did not adequately interview the government witnesses in advance of trial.

Along with the § 2255 motion, the defendant filed a motion to stay the proceedings. In the stay motion, the defendant indicated that counsel needed more time "so that [he] can obtain discovery and conduct the necessary investigation." The stay motion also indicated that the additional time would allow the defendant to "supplement the record . . . pursuant to the investigation." The Court granted the stay motions on the defendant's request, which stayed the case for almost ten months in order to allow the defendant to complete her investigation. Despite

receiving substantial additional time to investigate and supplement the record, the defendant did not submit any further materials to supplement the record.

The defendant's failure in this regard is fatal to her motion. An ineffective assistance of counsel claim requires the defendant to demonstrate that the alleged errors by trial counsel caused prejudice. The defendant has failed to make this showing. The psychologist report prepared for sentencing does not indicate a basis for a defense at trial and the defendant has not submitted any additional psychiatric materials that would support such a conclusion. Moreover, even though the defendant says that her lawyer should have interviewed the trial witnesses, he has not provided any information about what such interviews would have uncovered which would have been useful at trial.

II.     THERE WAS NO INEFFECTIVE ASSISTANCE OF COUNSEL.

The defendant's § 2255 motion alleges that the defendant was denied the constitutional right to counsel. "To succeed with a claim of ineffective assistance of counsel, a criminal defendant must establish both that his attorney's performance was deficient under an objective standard of reasonableness and that his defense suffered prejudice as a result." Rivera-Rivera v. United States, 827 F.3d 184, 187 (1st Cir. 2016). The defendant bears the burden on both prongs of the inquiry. Cirilo-Munoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005). The burden is a heavy one because an ineffective assistance of counsel claim is not an easy one to make. Turner v. United States, 699 F.3d 578, 584 (1st Cir. 2012); United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012). In resolving the claim in favor of the government, the Court may focus on either prong on which the defendant has failed to meet her burden. United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013). Here, the prejudice prong provides the easier inquiry and therefore the Court should focus there.

For there to be ineffective assistance of counsel. "it must be reasonably likely that the result of the criminal proceeding should have been different if counsel had performed as the defendant asserts [she] should have." Hensley v. Roden, 755 F.3d 724,736 (1st Cir. 2014). To succeed, the likelihood of a different result must be "substantial, not just conceivable." Thus, "it is not enough to show that the errors had some conceivable effect on the outcome of the proceeding." Harrington v. Richter, 562 U.S. 86, 104 (2011).

 A. Failure to Investigate The Defendant's Mental Health.

The defendant's first claim is that the defendant's trial counsel failed to investigate her mental health in advance of trial to determine if there was a viable insanity or diminished capacity defense. Even assuming that the trial counsel should have undertaken such an inquiry, there is no evidence that such an inquiry would have probably changed the outcome of the trial.

The defendant argues that the nature of her crimes (using her underage daughter to participate in sex with younger men and filming her daughter's sexual experiences) was so horrific,it was the defense lawyer's duty to investigate whether this behavior resulted from a severe mental defect or illness that could have provided a viable trial defense. The problem with this argument is that the defendant did have a mental health examination after trial but before sentencing. As this Court noted at the defendant's sentencing, "your expert does not in any way suggest that [the defendant] suffers from any kind of psychological disorder that prevents her from being able to make rational and informed calculations." Sent. Tr. at 49. The defendant has not provided any additional information about her mental health as part of the § 2255 proceeding. Thus, the Court's conclusion about the defendant's mental health is still operative—nothing about it would lead to a viable defense to the charged crimes. Therefore, the defendant has failed to prove that a pre-trial mental health evaluation would have helped her case in a

meaningful way.  Accordingly, there is no prejudice.  Sneed v. Johnson, 600 F.3d 607, 611 (6th Cir. 2010) (denying ineffective assistance claim for failing to bring insanity defense where there was no evidence in post-conviction proceeding that the defendant was insane at the time of the offense).

      B.      Failure to Interview Witnesses.

The defendant's final claim is that the defense counsel was ineffective for failing to interview the government witnesses.  Even assuming that the defendant could demonstrate unreasonable performance in this regard, the defendant could not establish prejudice.[1]

When complaining about a trial counsel's failure to interview potential witnesses, the burden rests on the defendant to show that those interviews would have yielded information that would have been sufficiently helpful to meet the prejudice prong of the ineffective assistance of counsel test.  United States v. Vazquez-Garcia, 211 F. Appx. 544, 546 (8th Cir. 2007); United States v. Schaflander, 743 F.2d 714, 721 (9th Cir. 1984).  The defendant has not remotely met this burden.  She has not submitted affidavits or even proffered information from the government witnesses that would have helped the defendant's case.  In the absence of such evidence, the defendant cannot establish an ineffective assistance of counsel claim or even receive an evidentiary hearing on the claim.  Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989).

III.    CONCLUSION.

For the reasons stated, this Court should deny the defendant's motion for § 2255 relief and deny a certificate of appealability.

---

[1] The government does not concede unreasonable performance on either of the defendant's arguments.  But determining whether there was unreasonable performance would require an evidentiary hearing in which the defendant's trial counsel would testify about his decision making.  In the government's view, the prejudice prong can be decided on the papers, thereby obviating the need for an evidentiary hearing.

Dated: March 22, 2017

                         Respectfully submitted,
                         JOHN J. FARLEY
                         Acting United States Attorney

                         By: /s/ Seth R. Aframe
                         Seth R. Aframe, AUSA
                         53 Pleasant Street, 5th Floor
                         Concord, NH 03301
                         (603) 225-1552
                         seth.aframe@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of this response has been forwarded this date via ECF electronic filing to Charles Keefe, Esq., counsel for the defendant.

                         /s/ Seth R. Aframe
                         Seth R. Aframe, AUSA