```
                    Lisa A. Biron
                  Reg. No. 12775-049
                    FMC Carswell
                    P.O. Box 27137
                  Fort Worth, TX 76127
```

Judge Paul Barbadoro                          November 1, 2017
United States District Court
55 Pleasant Street, Room 110
Concord, NH 03301


Re:   Case No. 16-cv-108-PB
      Opinion No. 2017 DNH 211

Dear Judge Barbadoro:

    On October 17, 2017, I received a copy of your October 2, 2017 decision in the mail. I write because I believe Attorney Charles Keefe committed malpractice in his representation of me in this habeas case. Attorney Keefe was retained by my family to bring a habeas petition for ineffective assistance of counsel. There were numerous points that should have been raised and were not raised. And the two (2) issues he did raise—failure to investigate witnesses and failure to investigate a viable mental health defense—he utterly failed to substantiate with more than conclusory statements. It is my hope that your sense of duty to uphold the integrity of the judicial process will not be outweighed or clouded by your opinion of me.

    During the time period when Attorney Keefe should have been preparing my motion, I did not have access to an inmate telephone. Specifically, from October 2015 through August 2016 I was not allowed to use the phone at all. For an attorney to schedule an unmonitored call with an inmate, however, he need only contact the Federal Bureau of Prisons ("FBOP") to schedule a call. During this time, I wrote several letters to Attorney Keefe pleading with him to call me. He was hired, unvetted by me, by my family who paid him a $ 20,000.00 flat fee plus expenses.

    When I finally regained access to the telephone, I called his office over forty (40) times trying to schedule an unmonitored attorney call to discuss my case and his progress. He would not take my calls. I was told, all but three or four times, that he was away in court. I have enclosed a call log provided by Warden Upton as proof of my attempts to contact Keefe. For some reason the call log printed in random date order. I retyped the list chronologically for your convenience. In addition to my attempts to contact Keefe, my power of attorney (and father), Michael Bonczar, sent twenty-five (25) emails to him

Judge Barbadoro
November 1, 2017
Page 2 of 4

at keefe@wbdklaw.com between August 2015 and May 2017[1] to which he received no response.

According to FBOP records, I had a total of four (4) unmonitored calls with Keefe. These calls occurred on March 8, 2016; July 21, 2016; December 21, 2016; and May 11, 2017. There may have been one (1) additional call in 2015 shortly after he was retained, but before he had the file.

The March 8, 2016 call occurred only fifteen (15) days before the filing deadline of March 23, 2016. I was panicked as the deadline approached and he had had virtually no contact with me. During this call he told me not to worry because the Government had assented to a 120-day stay. He said he would file the motion ninety percent complete and then supplement the record and amend if necessary.

The next call occurred on July 21, 2016 when I was informed that, on July 10, 2016, the stay had been extended by 180 days. During this call I expressed my concern that he had not yet consulted an independent mental health expert. I was told during this call that his $ 20,000.00 flat fee was already gone and that his partners were getting after him about the time spent on my case—time doing what, I do not know: to date, I have not received an accounting of the time he spent on this case.

The next call was on December 21, 2016. During this call, I asked again why he had not contacted a forensic psychiatrist. He told me that there was "lots of good stuff" in Dr. Thomas Burns' post-conviction evaluation report. Attorney Keefe's failure to consult with an independent mental health expert is inexplicable to me as I believe this was essential. Although having limited resources, my family was willing to pay this expense.

The last time I spoke to Keefe on an unmonitored call was on May 11, 2017 <u>after</u> he had filed the reply brief. I did not review or approve the initial motion before it was filed and had <u>no</u> communication at all regarding the reply brief before it was filed. During our infrequent and limited discussions, he never conducted a comprehensive client interview and, therefore,

---

[1] The dates of these emails were 8/11/15, 8/13/15, 8/15/15, 9/3/15, 9/17/15, 5/3/16, 6/7/16, 7/22/16, 7/29/16, 10/14/16, 10/30/16, 11/15/16, 11/24/16, 11/30/16, 12/12/16, 12/15/16, 12/22/16, 12/26/16, 2/22/17, 2/22/17, 3/1/17, 3/28/17, 4/3/17, 4/17/17, and 5/16/17.

Judge Barbadoro
November 1, 2017
Page 3 of 4

did not identify other possible witnesses[2] who observed my mental decline or evaluate other possible defenses. And if, as Keefe claimed, the private investigator ("PI") had difficulty finding or interviewing the Government's witnesses, I cannot understand why Keefe did not have the PI submit an affidavit detailing his efforts to support this assertion.

Perhaps the single most unexplainable and inexcusable omission by Attorney Keefe was his failure to consult with Dr. Thomas Burns, the psychologist who performed my post-conviction psychological evaluation. I recently learned of this omission on Monday, October 30, 2017 at 10:40 a.m. when I contacted Dr. Burns myself from an inmate telephone. I was shocked to hear that Keefe had not contacted Dr. Burns at all about anything.

During my brief nine (9) minute phone conversation with Dr. Burns, I learned that had Keefe contacted him, Burns would have explained that he did not make or attempt to make an official psychological diagnosis of me because that is not what trial attorney James Moir asked him to do. Burns was engaged post-conviction, strictly for sentencing purposes, and told by Moir in the January 22, 2013 engagement letter that "[he was] not looking to justify [my actions] but rather to understand." Dr. Burns told me that his evaluation of me would have been done very differently if Moir had engaged him pre-trial to investigate an insanity defense or to investigate diminished capacity to negate mens rea.[3] Burns told me during this call that he would be willing to provide an affidavit to this effect. I am in the process of trying to schedule an unmonitored call with him to explore further what he is willing to testify to.

---

2 My former colleagues from Mount Zion Christian School Board of Directors and from Feniger and Uliaz, as well as long time friend Lisa Brien, are just some of the people who would have talked to Keefe and provided affidavits if they had been contacted by him.

3 Title 18 U.S.C. § 2251(a) is a specific intent crime. It requires that a defendant cause certain conduct to occur for the specific intended purpose of creating a visual depiction of the conduct. This requires premeditation and purposeful intent—the highest level of scienter. Therefore, psychological evidence of diminished capacity is relevant and admissible. In fact, the Jury should have been instructed that a guilty verdict required it to find, beyond a reasonable doubt, "but for" causation: That but for the defendant's purpose of creating a visual depiction, the defendant would not have acted to cause the minor to engage in the

Judge Barbadoro
November 1, 2017
Page 4 of 4

    In conclusion, I did not receive a fair trial because my trial attorney was constitutionally ineffective. Now, and I believe anyone would agree, Attorney Keefe has botched my habeas case. I do not know what the remedy is, but it should include re-opening the case and appointing, if I cannot afford to hire, new counsel.

    If not, I believe this situation will satisfy the "savings clause" of § 2255(e), and, therefore, once I return to FSP Danbury in Connecticut, I will file a motion under 28 U.S.C. § 2241 in Connecticut District Court and finally receive a fair hearing in a fair circuit.

    Thank you for your consideration in this matter.

                                    Sincerely,

                                      *Lisa Biron*

                                    Lisa A. Biron

Enclosures

---

depicted conduct. See United States v. Burrage, 134 S. Ct. 881, 887-91 (2014) (discussing statutory language that imports "but for" causation). At the very least, this issue is ripe for debate amongst reasonable jurists.

## Calls Attempting to Reach Attorney Keefe

| Date | Min. |
|---|---|
| 9/1/2015 | 3 |
| 9/1/2015 | 1 |

\* no inmate phone access for a year (9/3/2015 - 8/26/2016)

| Date | Min. |
|---|---|
| 10/17/2016 | 1 |
| 10/20/2016 | 2 |
| 11/2/2016 | 1 |
| 11/10/2016 | 3 |
| 11/29/2016 | 3 |
| 12/5/2016 | 2 |
| 12/9/2016 | 4 |
| 1/18/2017 | 1 |
| 1/20/2017 | 4 |
| 2/16/2017 | 2 |
| 2/23/2017 | 2 |
| 2/23/2017 | 3 |
| 2/23/2014 | 4 |
| 3/23/2017 | 1 |
| 3/24/2017 | 2 |
| 3/27/2017 | 1 |
| 3/28/2017 | 1 |
| 3/29/2017 | 1 |
| 3/30/2017 | 1 |
| 3/31/2017 | 1 |
| 4/4/2017 | 1 |
| 4/5/2017 | 2 |
| 4/6/2017 | 1 |
| 4/6/2017 | 1 |
| 4/14/2017 | 2 |
| 4/17/2017 | 3 |
| 4/19/2017 | 2 |
| 4/21/2017 | 2 |
| 4/24/2017 | 1 |
| 5/4/2017 | 1 |
| 5/8/2017 | 4 |
| 5/9/2017 | 3 |

| Date | Min. |
|------|------|
| 5/24/2017 | 2 |
| 5/26/2017 | 1 |
| 6/12/2017 | 3 |
| 8/10/2017 | 1 |
| 8/30/2017 | 1 |
| 9/19/2017 | 1 |
| 10/20/2017 | 1 |

## Unmonitored Attorney Calls

3/8/2016
7/21/2016
12/21/2016
5/11/2016 (After Reply Brief was filed)

# Inmate Call Records

| Inmate Reg# | Inmate Name | Start Date | End Date |
|---|---|---|---|
| 12775049 | BIRON, LISA | 01/01/2015 | 10/23/2017 |

PAC: 999699890  
Housing Unit: CRW-I-S

| Date | Phone No | Dur | Charge | Call Type |
|---|---|---|---|---|
| 0 | | 0 | 00.00 | Direct |
| C | | 8 | 01.68 | Direct |
| ( | | 2 | 00.42 | Direct |
| C | | 0 | 00.00 | Direct |
| 1· | | 0 | 00.00 | Direct |
| 10/20/2017 10:44 am | 6035750007 | 0 | 00.00 | Direct |
| 05/04/2017 08:06 am | 6035950007 | 1 | 00.21 | Direct |
| 04/17/2017 08:48 am | 6035950007 | 3 | 00.63 | Direct |
| 04/14/2017 10:47 am | 6035950007 | 2 | 00.42 | Direct |
| 05/08/2017 08:23 am | 6035950007 | 4 | 00.84 | Direct |
| 04/06/2017 02:46 pm | 6035950007 | 1 | 00.21 | Direct |
| 05/09/2017 12:47 pm | 6035950007 | 3 | 00.63 | Direct |

5 of

BIRON, LISA 12775049

## Inmate Call Records

| Inmate Reg# | Inmate Name | Start Date | End Date |
|---|---|---|---|
| 12775049 | BIRON, LISA | 01/01/2015 | 10/23/2017 |

PAC: 999699890  Housing Unit: CRW-I-S

| Date | Phone No | Dur | Charge | Call Type |
|---|---|---|---|---|
| 04/06/2017 08:30 am | 6035950007 | 1 | 00.21 | Direct |
| 04/05/2017 03:05 pm | 6035950007 | 2 | 00.42 | Direct |
| 04/04/2017 12:20 pm | 6035950007 | 1 | 00.21 | Direct |
| 03/31/2017 07:38 am | 6035950007 | 1 | 00.21 | Direct |
| 05/24/2017 01:57 pm | 6035950007 | 2 | 00.42 | Direct |
| 04/19/2017 10:02 am | 6035950007 | 2 | 00.42 | Direct |
| 03/30/2017 11:08 am | 6035950007 | 1 | 00.21 | Direct |
| 03/29/2017 12:49 pm | 6035950007 | 1 | 00.21 | Direct |
| 05/26/2017 12:45 pm | 6035950007 | 1 | 00.21 | Direct |
| 03/28/2017 10:45 am | 6035950007 | 1 | 00.21 | Direct |
| 03/27/2017 09:03 am | 6035950007 | 1 | 00.21 | Direct |
| 03/24/2017 10:46 am | 6035950007 | 2 | 00.42 | Direct |

6 of

# Inmate Call Records

| Inmate Reg# | Inmate Name | Start Date | End Date |
|---|---|---|---|
| 12775049 | BIRON, LISA | 01/01/2015 | 10/23/2017 |

| PAC | Housing Unit |
|---|---|
| 999699890 | CRW-I-S |

| Date | Phone No | Dur | Charge | Call Type |
|---|---|---|---|---|
| 03/23/2017 12:02 pm | 6035950007 | 1 | 00.21 | Direct |
| 02/23/2017 02:46 pm | 6035950007 | 4 | 00.84 | Direct |
| 02/23/2017 10:50 am | 6035950007 | 3 | 00.63 | Direct |
| 02/23/2017 07:09 am | 6035950007 | 2 | 00.42 | Direct |
| 02/16/2017 09:41 am | 6035950007 | 2 | 00.42 | Direct |
| 10/20/2017 10:44 am | 6035950007 | 1 | 00.21 | Direct |
| 09/19/2017 02:14 pm | 6035950007 | 1 | 00.21 | Direct |
| 04/24/2017 01:41 pm | 6035950007 | 1 | 00.21 | Direct |
| 06/12/2017 11:01 am | 6035950007 | 3 | 00.63 | Direct |
| 01/20/2017 01:48 pm | 6035950007 | 4 | 00.84 | Direct |
| 09/01/2015 09:53 am | 6035950007 | 3 | 00.63 | Direct |
| 09/01/2015 01:16 pm | 6035950007 | 1 | 00.21 | Direct |

7 of

BIRON, LISA  12775049

# Inmate Call Records

| Inmate Reg# | Inmate Name | Start Date | End Date |
|---|---|---|---|
| 12775049 | BIRON, LISA | 01/01/2015 | 10/23/2017 |

| PAC | Housing Unit |
|---|---|
| 999699890 | CRW-I-S |

| Date | Phone No | Dur | Charge | Call Type |
|---|---|---|---|---|
| 01/18/2017 10:32 am | 6035950007 | 1 | 00.21 | Direct |
| 10/17/2017 10:14 am | 6035950007 | 0 | 00.00 | Direct |
| 10/17/2017 10:13 am | 6035950007 | 0 | 00.00 | Direct |
| 04/21/2017 12:10 pm | 6035950007 | 2 | 00.42 | Direct |
| 12/09/2016 12:07 pm | 6035950007 | 4 | 00.84 | Direct |
| 12/05/2016 11:57 am | 6035950007 | 2 | 00.42 | Direct |
| 11/29/2016 11:40 am | 6035950007 | 3 | 00.63 | Direct |
| 11/10/2016 10:35 am | 6035950007 | 3 | 00.63 | Direct |
| 11/02/2016 10:36 am | 6035950007 | 1 | 00.21 | Direct |
| 08/10/2017 12:14 pm | 6035950007 | 1 | 00.21 | Direct |
| 10/20/2016 10:34 am | 6035950007 | 2 | 00.42 | Direct |
| 10/17/2016 09:29 am | 6035950007 | 1 | 00.21 | Direct |

8 of

BIRON, LISA  12775049

**Inmate Call Records**

| Inmate Reg# | Inmate Name | Start Date | End Date |
|---|---|---|---|
| 12775049 | BIRON, LISA | 01/01/2015 | 10/23/2017 |
| PAC 999699890 | Housing Unit CRW-I-S | | |

| Date | Phone No | Dur | Charge | Call Type | RC |
|---|---|---|---|---|---|
| 08/30/2017 08:50 am | 6035950007 | 1 | 00.21 | Direct | |
| | | 2 | 00.42 | Direct | |
| C | | 15 | 00.00 | Direct | |
| 1 | | 2 | 00.42 | Direct | |
| 1. | | 1 | 00.21 | Direct | |
| 0 | | 9 | 01.89 | Direct | |
| 12 | | 2 | 00.42 | Direct | |
| 0 | | 0 | 00.00 | Direct | |
| ( | | 15 | 03.15 | Direct | |
| 0 | | 15 | 00.90 | Direct | |
| ( | | 15 | 00.90 | Direct | |
| 0 | | 15 | 00.90 | Direct | |

9 of