UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF NH
FILED

2018 OCT -9 A 11: 33

Lisa A. Biron,
    Defendant-Appellant

v.

Case No. 16-cv-108-PB

United States of America

## Motion for Extension of Time to File an Appeal

Ms. Biron seeks leave for an extension of time to file an appeal based on excusable neglect or good cause. Alternatively, the Court should find one of Ms. Biron's post-judgment letters to the Court to be, in substance, a notice of appeal ("NOA").

On October 2, 2017, this Court entered an order (received on October 17, 2017) denying Ms. Biron's motion under 28 U.S.C. § 2255. This motion was filed by hired habeas counsel who abandoned the case, and did not do the things he was hired to do and promised the Court he would do (as specifically stated throughout the footnotes in the § 2255 motion and in the Assented-to Motion to Stay).

This Court denied a certificate of appealability ("COA") and counsel did not advise Ms. Biron of her right to seek a COA from the First Circuit or the time limits for doing so.

On November 1, 2017, Ms. Biron sent a letter addressed to Judge Barbadoro wherein she advised him of the abandonment by habeas counsel and stated her position that the Court erred in its analysis of the intent

1

element of 18 U.S.C. § 2251(a) and that the matter was at least "ripe for debate amongst reasonable jurists" — the legal standard for granting a COA. (See Nov. 1, 2017 Letter at 3-4 n.3.)

The Court treated this letter as a motion under Rule 60(b), and on November 27, 2017 denied it as a second or successive motion under § 2255. The Court did not address Ms. Biron's claim that the Court erred in analysing § 2251(a) as a general intent crime.

The Court did not advise Ms. Biron of the process to seek a COA.

Ms. Biron, now pro se, and inexperienced in federal habeas procedure, sought guidance from the Federal Rules in regard to appealing the habeas decision. She consulted the following Rules which did not advise her of a deadline to seek a COA. Specifically, the Rules Governing Section 2255 advised her "If the court denies a certificate, [she] may not appeal the denial but may seek a certificate from the court of appeals under the Federal Rules of Appellate Procedure 22." Rule 11(a)(emphasis added).

Rule 11(b) directed her to FRAP 4(a) for the time to appeal an order entered under the rules for section 2255 proceedings which rules address situtations in which a COA was granted by the district court and situations when a COA is not granted by the district court. The FRAP 4 is entitled and applies to "appeals as of right," — to wit, there is no right to an appeal without a COA; therefore, FRAP 4 applies to cases where a COA has issued, and the party has "an appeal as of right."

A review of FRAP 22 further solidified this conclusion stating that, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability . . . ." FRAP 22 (b)(1). This section then addresses the proper court procedure "[i]f an applicant files a notice of appeal . . . ." Id. (emphasis added).

2

Nowhere do these rules direct a defendant that has not been issued a COA to Federal Rule of Appellate Procedure 5 — appeal by permission. Had the Rules Governing Section 2255 Proceedings or FRAP 22 directed Ms. Biron to FRAP 5, she would have learned the process of seeking permission to appeal (i.e., seeking a COA) and learned that "The petition must be filed within the time specified by the statute or rule authorizing the appeal or . . . <u>within the time provided by Rule 4(a) for filing a notice of appeal</u>." FRAP 5.

The Rules, however, specifically misdirect a litigant to FRAP 4 that unambiguously addresses "appeals as of right", the only logical assumption being appeals that are allowed because a COA has issued. To deny Ms. Biron the right to seek a COA based on untimeliness violates her right to due process for lack of notice.

Reasonably concluding there was no time limit for seeking a COA, Ms. Biron began research into filing an attorney grievance against habeas counsel.

Before Ms. Biron could obtain the information necessary to file this grievance (attrociously, federal inmates are not provided access to state law by the FBOP), she was taken from FMC Carswell, Texas on January 30, 2018 on a surprise transfer to Waseca, MN where she was promptly assigned to work in food service. This assured that she had minimal access to the law library.

From January 30, 2018 through February 27, 2018, Ms. Biron was without her property including her legal papers, and advised this Court of this by letter dated March 6, 2018 addressed to Judge Barbadoro.

On March 30, 2018, Ms. Biron sent another letter addressed to Judge Barbadoro, that, <u>inter alia</u>, advised of her intent to seek a COA.

3

Upon receiving her legal papers, and being severely restrict from access to the law library due to her job assignment in food service, Ms. Biron sought "legal leave" from her job to work on her case. To which, the FBOP, via Unit Manager Hiller, denied Ms. Biron's request because <u>she did not have an imminent court deadline.</u>

Ms. Biron arduously attempted to move to a job assignment that would allow her access to the law library even taking a 4:00 a.m. shift in food-service that allowed minimally more time for her to research her appellate options.

On April 25, 2018, she was assigned to work parttime in the library and parttime in food service and proceeded to research her options. This new arrangement lasted almost one (1) week before the FBOP staff changed her food service duties again to ensure less access to the law library. Again, she requested legal leave to work on her case. Again, legal leave was denied, the staff advising her that she had no court deadline.

Ms. Biron informed staff, in no uncertain terms, that she did not have sufficient time to work on her case. Staff refused all requests for legal leave and would not change her work assignment, even forcing her to work in food service beyond the required 90 days.

On or about May 15, 2018, after 111 days in food service, Ms. Biron was finally assigned to a second parttime position in the vicinity of the law library and began zealously working on her case.

Still, as informed by the federal rules, believing there was no deadline for seeking a COA she decided to file a motion under Rule 60(b) to give this Court the opportunity, in the first instance, to address the error disclosed in its October 2017 Order regarding the mens rea element of § 2251(a).

Ms. Biron filed her motion under Rule 60(b) on June 28, 2018, the government responded on July 16, 2018, and on July 17, 2018 this Court summarily denied the motion as an unauthorized second or successive motion under § 2255.

Because the Court declined to address the mens rea issue, Ms. Biron, on July 19, 2018 filed, in the First Circuit, an Application for a COA to appeal the October 2017 Order.

Also on July 19, 2018, Ms. Biron filed a notice of appeal with this Court to appeal the ruling on her motion under Rule 60(b).

When her application for a COA did not appear on PACER, Ms. Biron corresponded with the First Ciruit to find out why. Ms. Biron learned that the First Circuit had construed the application for the COA as filed in regard to the appeal of the motion under Rule 60(b) ruling.

Ms. Biron advised the First Circuit that the application for the COA was not regarding the Rule 60(b) motion as it is her position that an appeal of this dismissal for want of jurisdiction does not require a COA, and that the application was to obtain a COA regarding the October 2017 denial of her motion under § 2255.

By letter dated September 18, 2018, the First Circuit advised Ms. Biron of the appeal process regarding the § 2255 motion including the requirement to file a NOA and advising that she would have to file this Motion seeking leave to file a late appeal with her NOA.

In sum, Ms. Biron has shown excusable neglect or good cause to file a late appeal as the federal rules are directly misleading in violation of Ms. Biron's right to fair notice and due process; Ms. Biron's access to the Court was severely restricted for approximately four (4) months due to her surprise transfer and the FBOP's refusal to allow her suffic-

5

ient time to research and prepare pleadings in this case. Moreover, this Court was notified that Ms. Biron's habeas counsel had abandoned her, and of the serious error of legal analysis in the habeas decision, yet did not advise her that she could seek a COA or of the process involved as the First Circuit recently did.

Alternatively, this Court should treat her November 1, 2017 letter as a NOA, or her March 30, 2018 letter as a NOA. Ms. Biron is serving a life sentence (a 40-year term handed down to a 43 year-old woman exceeds her life expectancy) based on a plain and dispositive error of law.

Wherefore, she seeks leave of this Court for permission to file the accompanying NOA to appeal the Court's Order of October 2, 2017, and the grant of such other relief as is just and equitable.

Ms. Biron sought AUSA Seth Aframe's assent to this Motion by letter received in his office on September 24, 2018. As of this filing, she has received no response.

Respectfully submitted

October 2, 2018
Date

Lisa Biron (# 12775-049)
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

### Verification and Certification

I hereby declare, under penalty of perjury, that the facts in the foregoing Motion are true, and that a copy of same was mailed postage prepaid to Seth Aframe, Esq. by depositing said documents in the inmate legal mail system on this date.

Lisa Biron