FILED - USDC -NH
2021 APR 15 PM 12:27

United States District Court
District of New Hampshire

United States of America

v.                                    Case no. 16-CV-108-PB

Lisa Biron,
    Movant

## Memorandum in Support of Motion to Seal Order

Movant, Ms. Biron, has requested this Court to seal its October 2, 2017 Order, opinion no. 2017, D.N.H. 211 (1:16-cv-00108-PB, ECF Doc 9, pp. 1-22) ("Order") for the following compelling reasons.

Ms Biron was sentenced by this Court to 480 months for crimes involving her minor daughter. She was convicted of transportation of a minor to engage in criminal sexual conduct, production of child pornography, and possession of child pornography. She is presently incarcerated in general population at FCI Waseca, MN. (Decl. ¶¶ 1, 2, & 3.)

The visual depictions that form the basis of counts

1

2 through 7 (the production counts) are presently secured in the custody of the United States to prevent public access. The images were viewed during trial by the jury, Court, and lawyers, but were not on display to the public in the courtroom. Ms. Biron's daughter expressed concern to the court and FBI agent about the public viewing the images. (Id. at ¶¶ 4, 6, 10, & 11.)

In its Order denying Ms. Biron's motion under § 2255, the district court recounts the content of the visual depictions in detail. (Id at ¶ 5.) Nowhere but in this Order are these lascivious and salacious details described. Consequently, this Order is available for public access on PACER, and is likewise available to all federal inmates via the LEXIS database on the federal Bureau of Prisons' electronic law library. (Id. at ¶¶ 7, 8, & 9.)

This Order was recently accessed by inmates at FCI Waseca. The details in this Order incited a disturbance on Ms. Biron's housing unit on April 14, 2021 at approximately 12:00 p.m. that almost resulted in physical violence with some inmates defending Ms. Biron against various troublemakers. (Id. at ¶¶ 9, 12, 13, & 14). A similar situation occurred in FMC Carswell, TX in January 2018. (Id. at ¶ 15.)

"There is a common law presumption of public access to judicial documents. ..." United States v. Kravetz, 706 F.3d 47, 54 (1st Cir. 2013). "Though the public's

right of access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." Id. at 59 (internal quotations omitted). In considering a motion to seal, the district court must "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." Id. "[C]ourts have sealed records out of concern for the safety of those who live and work in jails." Brown v. Flowers, 974 F.3d 1178, 1188 (10th Cir. 2020) citing Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004); Clark v. New Mexico Dep't of Corr., 58 Fed. App'x 789, 792 (10th Cir. 2003) (unpublished) (sealing document that could jeopardize inmates' safety).

In the present case, as set forth above, these details are embarrassing to Ms. Biron's daughter who was a minor at the time. For her alone this Order should be sealed. Moreover, as set forth above, Ms. Biron's safety as well as the safety of other inmates and staff are threatened because details in cases like this incite violence. The Court should take judicial notice of this, but Ms. Biron has described specific instances of this occurring in her housing unit and at her previous prison. In addition, the Order is an "unpublished" district court order with no precedential legal value to the public or individual litigant.

Wherefore, Ms. Biron asks this Court to find that the countervailing interests, including the protection of the

privacy of Ms. Biron's daughter, and the safety and security of Ms. Biron and others at her prison, weigh in favor of sealing this Order.

Respectfully submitted,

4/11/2021
Date

*Lisa Biron*

Lisa Biron # 12775-049
Federal Correctional Inst.
P.O. Box 1731
Waseca, MN 56093

4